■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN FRAZIER, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 17, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender to an indeterminate prison term of 4½ to 9 years, unanimously affirmed.

During a "buy and bust" operation, Officer Austin ap-

proached defendant to buy crack. Austin gave defendant $10, whereupon defendant walked over to another man and obtained the crack, which he then gave to Austin. Subsequent to the sale, at defendant's behest, the officer gave defendant a single vial of crack.

Defendant challenges the IAS Court's *Sandoval* ruling claiming that it was improper to permit the prosecution to inquire into the underlying facts of his 1986 conviction for attempted robbery in the second degree. This claim is unpreserved for appellate review (CPL 470.05 [2]), and we decline to address it. However, were we to address it in the interest of justice, we would nevertheless find it to be meritless. The trial court fairly struck a balance between the evidence's probative value and its prejudicial impact upon defendant. *(People v Sandoval,* 34 NY2d 371.) While defendant had a list of other convictions, there was only one as to which the court permitted inquiry as to the underlying facts.

Defendant also challenges the court's charge regarding his agency defense. However, read in its entirety, the court's charge was proper. *(See, People v Coleman,* 70 NY2d 817, 819.) The court repeatedly told the jury that the burden was on the People to prove beyond a reasonable doubt that defendant was not acting solely as an agent for the undercover officer.

We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.